# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| KIMBERLY R. NEAL, | ) | |
|     Plaintiff. | ) | |
| | ) | |
| v. | ) | **No: 3:10-cv-00943** |
| | ) | **JUDGE HAYNES** |
| | ) | **Magistrate Bryant** |
| INGRAM BOOK GROUP, INC. | ) | **JURY DEMAND** |
|     Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01, Plaintiff Kimberly R. Neal and Defendant Ingram Book Group, Inc. submit this proposed Initial Case Management Order.

### I. JURISDICTION AND VENUE

1. <u>Status of Service of Process</u>. Service of process has been completed.

2. <u>Status of Responsive Pleadings</u>. Defendant has timely filed its Answer to the Complaint.

3. <u>Jurisdiction</u>. Jurisdiction is not disputed.

### II. PARTIES' THEORIES OF THE CASE

1. <u>Plaintiffs' Theory</u>

The Plaintiff is a citizen and resident of Nashville, Davidson County, Tennessee, residing at 6957 Stone Run Drive, Nashville, Tennessee 37211. The Plaintiff was employed as a Human Resources Manager by the Defendant, primarily responsible for the Customer Care and Accounting client work groups and reporting

1

directly to Ms. Glenda Hammond. Beginning on August 11, 2008 and through the date of Plaintiff's termination from employment by the Defendant, Plaintiff was being treated for alcoholism, a serious health condition as defined by the Family Medical Leave Act (the "FMLA"). The Plaintiff asserts that she was an "eligible employee" under the FMLA and was wrongfully terminated in violation of the FMLA. Specifically, the Plaintiff asserts that the Defendant terminated her employment after she requested leave under the FMLA.

2. Defendant's Theory

Ingram employed the Plaintiff as a Human Resources Manager. Ingram terminated the Plaintiff due to her job performance. Ingram did not terminate the Plaintiff in violation of the FMLA. At the time Ingram terminated the Plaintiff, Ingram was not aware that the Plaintiff was being treated for alcoholism. Plaintiff had not requested any leave pursuant to the FMLA and had not exercised any right under the FMLA at the time she was terminated.

### III. SCHEDULE OF PRETRIAL PROCEEDINGS

A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting o discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this

meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.  Other Pretrial Discovery Matters

As determined at the case management conference or **Wednesday, December 8, 2010**, this action is set for a jury trial with a target trial date of Tuesday, **December 13, 2011, at 9:00 a.m**.

If this action is to be settled, the Law Clerk shall be notified by noon, **Friday, December 9, 2011.** If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held **November 28, 2011, at 3:00 p.m.** A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed on or before **July 6, 2011**. All written discovery shall be submitted in sufficient time so that the response shall be in hand on or before **June 6, 2011**. All discovery related statements shall be filed on or before **June 13, 2011**. No motions related to discovery shall be filed until a discovery dispute conference has taken place between the attorneys of record in an effort to resolve the dispute and a jointly signed discovery order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **August 5, 2011**, and any response thereto shall be filed by the close of business 21 days after the filing of the motion. Any reply shall be filed by the close of business 7 days after the filing of the response.[2]

Any motion to amend the pleadings is due on or before **March 28, 2011**.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court shall govern.

By the close of business on **July 1, 2011**, the plaintiff shall declare to the defendant (not to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **August 1, 2011**, the defendant shall declare to the plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed on or before **August 8, 2011**. There shall not be any rebuttal expert witnesses.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Local Rule 56.01, Local Rules of Court (effective December 1, 2009) relating to motions for summary judgment.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so ORDERED.

*s/ John S. Bryant*
_____
JOHN S. BRYANT
United States Magistrate Judge

SUBMITTED FOR ENTRY BY:


*/s/ Charles M. Cain, II*
Charles M. Cain, II (#25301)
219 Third Avenue North
Franklin, Tennessee 37064
ccain@cain-law.com
Telephone:  (615) 599-1785
Facsimile:   (615) 724-1848
*Attorney for Plaintiff Kimberly R. Neal*


*/s/ Mark A. Baugh*
Mark A. Baugh (#15779)
Emily H. Plotkin (#22978)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5760
Facsimile: (615) 744-5760
*Attorneys for Defendant Ingram Book Group, Inc.*