UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KIMBERLY R. NEAL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-00943 |
| | ) | |
| v. | ) | |
| | ) | JUDGE SHARP |
| INGRAM BOOK GROUP, INC., | ) | MAGISTRATE JUDGE BRYANT |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff Kimberly R. Neal ("Plaintiff") filed a Motion for Partial Summary Judgment (Docket Entry No. 23), to which Defendant Ingram Book Group, Inc. ("Defendant") filed a response (Docket Entry No. 24), and Plaintiff filed a reply (Docket Entry No. 30). For the reasons discussed herein, the Court will deny Plaintiff's motion for partial summary judgment.

## FACTS

Given the considerable disputes over what happened in this case, the Court need recite the facts only briefly.[1] In June 2007, Plaintiff moved to Nashville and began working for Defendant as a human resources manager. Glenda Hammond was Plaintiff's supervisor. In August 2008, Plaintiff began receiving medical treatment for alcoholism, a condition for which she had previously been treated in another location. Plaintiff was

---

[1] Unless otherwise noted, the facts are drawn from the parties' statements of material facts (Docket Entry Nos. 23-2 and 25) and related declarations and exhibits. Although facts are drawn from submissions made by both parties, on a motion for summary judgment, all inferences are drawn in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. ZenithRadio Corp.*, 475 U.S 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

1

prescribed valium and depakote as part of an outpatient detox program and felt that taking those medications impaired her judgment and clarity.

Over the one-week period of September 9-16, 2008, a series of events culminated in Plaintiff's termination. Hammond met with Plaintiff multiple times to discuss issues with Plaintiff's job performance and overall impact on the department. Plaintiff said that she was experiencing personal stress and was seeing a psychiatrist. Hammond instructed Plaintiff to work from home for the rest of the week. The following Monday, another human resources manager informed Hammond that Plaintiff asked for Family Medical Leave Act ("FMLA") paperwork from a subordinate and told the subordinate that Plaintiff would "use the paperwork to sue the company if [Plaintiff] got fired." (Docket Entry No. 27-2, at 109.) The next day, September 16, 2008, Hammond and Defendant's general counsel met with Plaintiff. Although Plaintiff believed that some of her medications were impairing her judgment and said that she had a doctor's appointment later that day to discuss getting off those medications, Plaintiff told Hammond and general counsel that Plaintiff did not want to take leave. (Docket Entry No. 27-3, at 35.) Plaintiff was terminated for "[p]oor judgment after a pattern of performance issues" and "lost confidence in [Plaintiff's] ability to perform her job." (*Id.* at 42.)

According to the available medical records for the period leading up to Plaintiff's termination, Plaintiff's healthcare providers never ordered inpatient treatment nor determined that Plaintiff was unable to work.

## **ANALYSIS**

Neal's complaint (Docket Entry No. 1-1) pleads two causes of action pursuant to the FMLA: unlawful interference with Plaintiff's FMLA rights and unlawful termination based on

Plaintiff's exercise of her FMLA rights. By the present motion, Plaintiff seeks summary judgment as to Defendant's liability for the unlawful interference claim.

## I. Summary Judgment Standard

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. Interference Claim

Pursuant to Sixth Circuit law:

> [t]o prevail on an interference claim, a plaintiff must establish that (1) [s]he is an "eligible employee"; (2) the defendant is an "[e]mployer"; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of h[er] intention to take leave; and (5) the employer denied the employee FMLA benefits to which [s]he was entitled.

*Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003) (citations omitted) (second and third alterations in the original). The undisputed facts show that Plaintiff meets the FMLA's definition of "eligible employee," and Defendant meets the definition of "employer." Drawing all inferences in Defendant's favor, however, Plaintiff cannot establish the remaining three elements of the interference claim as a matter of law.

An eligible employee may take leave for twelve workweeks during a twelve-month period, among other reasons, "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C.A. § 2612(a)(1)(D) (2009). The FMLA defines "serious health condition" as "an illness, injury, impairment or physical or medical condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." *Id.* § 2611(11) (2009). Construing the evidence in the light most favorable to Defendant, the medical records do not indicate that Plaintiff received inpatient care for her condition. Furthermore, to make out a case for a health condition that involves "continuing treatment," Plaintiff would need to establish a "period of incapacity." *See* 29 C.F.R. § 825.115 (2009). The definition of "incapacity" is an "inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." *Id.* § 825.113(b) (2009). A healthcare provider must make the determination of incapacity. *Olsen v. Ohio Edison Co.*, 979 F. Supp.

1159, 1166 (N.D. Ohio 1997); *Brannon v. OshKosh B'Gosh, Inc.*, 897 F. Supp. 1028, 1037 (M.D. Tenn. 1995). Again construing the evidence in the light most favorable to Defendant, the medical records do not indicate that a healthcare provider determined Plaintiff was unable to work or otherwise incapacitated by her condition. Therefore, Plaintiff has not established that she was entitled to leave under the FMLA, as a matter of law. As a consequence, Plaintiff also cannot obtain summary judgment on the fifth element because Defendant denied no FMLA benefits to which Plaintiff was entitled.

Furthermore, Plaintiff has not prevailed at the summary judgment phase as to the FMLA's notice requirements. Where the need for leave because of a serious medical condition is foreseeable, the employee "shall provide the employer with not less than 30 days' notice, before the date the leave is to begin."[2] 29 U.S.C.A. § 2612(e)(2)(B) (2009). Should the need for leave not be foreseeable, "an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a) (2009). Adequate notice requires "'enough information for the employer to reasonably conclude' that leave is needed for a serious health condition," regardless of whether the employee mentions the FMLA by name. *Branham v. Gannett Satellite Information Network, Inc.*, 619 F.3d 563, 572 (6th Cir. 2010) (quoting *Perry v. Jaguar of Troy*, 353 F.3d 510, 513 (6th Cir. 2003)). Construing the evidence in the light most favorable to Defendant, Plaintiff failed to provide any notice of her need for leave. Defendant's theory of the case is that Plaintiff picked up FMLA paperwork to take legal action if Defendant terminated her employment, rather than in to make a bona fide attempt to request leave. When asked by Hammond and general counsel if she wanted to take leave, Plaintiff declined. Without undisputed evidence that Plaintiff actually

---

[2] Where the treatment requires that the leave begin in fewer than thirty days, "the employee shall provide such notice as is practicable." *Id.* Plaintiff has not submitted undisputed evidence to trigger this provision.

requested FMLA leave during her employment, Plaintiff cannot prevail on the notice element, as a matter of law. *See Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998).

## **CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 23) will be denied. This matter remains set for a final pretrial conference on November 28, 2011 at 3:00 P.M.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE